IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:14cv835-HEH |
| ) | |
| SHAPAT A. NABAYA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION
(Granting in Part and Denying in Part Government's Request
for Permanent Injunction)

This action arises from Defendant Shapat A. Nabaya's ("Defendant") ongoing, and historically meritless, dispute with the Internal Revenue Service ("IRS") regarding the IRS's levy on his pension. Plaintiff United States of America ("Government") seeks a permanent pre-filing injunction against the Defendant as to any federal tax law related lawsuits, pursuant to either 28 U.S.C. § 1651 or 26 U.S.C. § 7402. Defendant has responded (ECF No. 4).[1] The Court will dispense with oral argument because the facts and legal contentions are well framed in the materials before the Court and argument would not aid in the decisional process.

## I. BACKGROUND

By Order entered on April 8, 2009, Judge Robert Payne issued a pre-filing injunction enjoining Defendant, who has previously filed under the name Norman

---

[1] As Defendant has responded to the Government's Complaint for Permanent Injunction, he has been "afford[ed] [] notice and an opportunity to be heard" as to the injunction imposed here. *Larrimore v. Williamson*, 288 F. App'x 62, 62 (4th Cir. 2008) (unpublished) (citing *Cromer*, 390 F.3d at 819).

Abbott, from filing any further civil actions in the United States District Court for the Eastern District of Virginia without first obtaining leave of court.[2] *See Abbott v. Suntrust Mortgage, Inc.*, No. 3:08-cv-665 (REP), (E.D. Va. April 8, 2009). The Government now requests that this Court modify Judge Payne's pre-filing injunction by permanently enjoining Defendant from filing federal tax law related lawsuits in *any* state or federal court[3] without first obtaining leave to file the lawsuit. To be precise, the Government requests that the Court enjoin Defendant from filing such lawsuits against current and former officers, employees, or contractors of the federal government in any state or federal court unless he, *inter alia*, submits a notarized affidavit or declaration stating that the matters raised in the lawsuit have not been raised or decided in any other lawsuit, are brought in good faith, and are not for the purpose of harassment. (Complaint, ECF No.1, at ¶ 48.)

The Government argues that the Defendant should be enjoined pursuant to either 26 U.S.C. § 7402(a) or 28 U.S.C. § 1651. Section 7402(a) gives this Court jurisdiction to issue injunctions in civil actions "as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Here, however, the core of the Government's lawsuit is not to effectuate the enforcement of internal revenue laws, but instead to restrain what the Government deems the Defendant's "repeated and continuing filing of frivolous, repetitive lawsuits serve[d] to annoy and harass [] federal employees."

---

[2] Judge Payne's Order imposes a pre-filing injunction in the Eastern District of Virginia requiring, in part, that Defendant submit a sworn affidavit attesting that the matters raised in the proposed complaint or pleading have never been presented or disposed of previously in state or federal court.

[3] This Memorandum Opinion and the accompanying Order do not limit the Defendant's ability to appeal the Court's decision in this matter or seek appellate review of any future actions.

(Compl. at ¶¶ 49–51.) Put another way, the Government seeks to employ the Court's equity power to give injunctive relief against vexatious litigation, a power codified in the All Writs Act. *See* 28 U.S.C. § 1651; *see also Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004).

## II. STANDARD OF REVIEW

"The All Writs Act authorizes district courts to restrict access to federal courts of parties who repeatedly file frivolous litigation." *Armstrong v. Koury Corp.*, 16 F.Supp.2d 616, 620 (M.D.N.C. 1998) (citing *In re Burnley*, 988 F.2d 1 (4th Cir. 1992) (recognizing district court's power to impose limits upon those who abuse the judicial system)). Yet, "even if a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Cromer*, 390 F.3d at 818 (citation omitted). A pre-filing injunction is "narrowly tailored to fit the specific circumstances at issue" when it "address[es] only filings in [a particular action] or related actions." *Cromer*, 390 F.3d at 819; *see also Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008) (holding that district court injunction was overbroad for prohibiting plaintiff from any "further filings against government officials and their counsel" without leave of court).

In determining whether to modify an existing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3)

3

the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818 (citing *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). "Ultimately, the question the court must answer is whether a litigant [with] a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Whitehead v. Paramount Pictures Corp.*, No. 1:08cv792 (AJT), 2009 WL 1491402 at *3 (E.D. Va. May 26, 2009) (quoting *Safir*, 792 F.2d at 24). The record at hand supports such conclusions.

### III. DISCUSSION

Each *Cromer* factor weighs in favor of modifying the pre-filing injunction imposed upon the Defendant.[4] In defiance of the existing pre-filing injunction issued by Judge Payne, the Defendant continues to file lawsuits in this district without leave of court. In particular, Defendant has unleashed his wrath on Wally Stark, an IRS agent, by repeatedly filing duplicative lawsuits challenging the legality of Stark's statutory authority to enforce tax liens.[5] These lawsuits certainly were not filed in good faith, as each recited claims previously dismissed as meritless. *See Nabaya v. Stark*, No. 3:13-cv-305 (HEH), (E.D. Va. June 10, 2013). Additionally, the burden faced by both the parties and courts tasked with disentangling Defendant's rambling, incoherent complaints has been unduly vexing. To demonstrate this burden, the Court need look no further than Defendant's disjointed Answer, as it cites to a Wikipedia page to support the notion that

---

[4] Judge Payne's analysis of the *Cromer* factors as Defendant's filing history against SunTrust Mortgage, Inc., albeit not the basis of this Court's analysis, demonstrate that Defendant is both capable and willing to endlessly file meritless motions and complaints. *See Abbott*, No. 3:08-cv-665 (REP), Mem. Op., ECF No. 52, at 14–16.

[5] In all, Defendant has filed eight lawsuits related to the IRS's levy on his pension. (Compl. at ¶ 13.)

Defendant is a sovereign entity "not a statutory person or citizen." (Answer, ECF No. 4-1, Ex. thereto, at 7.) In reviewing the final *Cromer* factor, it is apparent to the Court that lesser sanctions would not be adequate in this case. The Defendant is already the subject of a pre-filing injunction yet continues to submit frivolous claims in federal courts across the country. His duplicative, frivolous filings challenging the IRS's well-settled authority to levy his pension demonstrate a "single-minded quest," that no less sanction would restrain. *McMahon v. F/M. Bank–Winchester*, 45 F.3d 426 (4th Cir. 1994) (unpublished).

Despite the arguable discretion to do so, this Court does not find it appropriate to extend the pre-filing injunction against Defendant in the Eastern District of Virginia to state court actions. This Court recognizes the frivolity of Defendant's claims as evidenced by the dismissal of one of Defendant's previous suits as meritless. *See Stark*, No. 3:13-cv-305 (HEH). Nevertheless, federalism and other related concerns with respect to the sovereignty and independence of state courts counsels against such a broad injunction. The ambit of a state court's jurisdiction and its willingness to hear a matter is not an issue for this Court to resolve. *See Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008) (citing *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006) (providing that the extension of a district court pre-filing injunction to state courts is not prudent, as "those courts [or agencies] are capable of taking appropriate action on their own.")). Accordingly, the Court will not include filings in state courts in the pre-filing injunction against Defendant.

While federalism concerns caution against extending a pre-filing injunction to state court actions, the United States Court of Appeals for the Fourth Circuit has not

5

circumscribed a district court's ability to extend pre-filing injunctions to other federal courts. Moreover, the contemplated pre-filing injunction is "narrowly tailored" as it "address[es] only filings in [] related actions." *Cromer*, 390 F.3d at 819. This Court's pre-filing injunction will relate only to those lawsuits in connection with federal taxes, and require the Defendant file a notarized affidavit or declaration with the clerk of court where he seeks to file attesting that the proposed complaint does not re-litigate issues or claims previously raised or decided in any other lawsuit—a requirement that merely ensures compliance with *res judicata* and collateral estoppel principles. *See Marbly v. Kay*, No. 00-1530, 2000 WL 1827783 (6th Cir. Dec. 8, 2000) (affirming district court order enjoining plaintiff from filing any further lawsuits as to matters previously decided); *see also Lacy v. Principi*, 317 F.Supp.2d 444, 449–50 (S.D.N.Y. 2004) (same). Accordingly, the pre-filing injunction against Defendant in the Eastern District of Virginia will be modified to include filings in other federal courts.

## IV. CONCLUSION

For the reasons stated herein, the Government's request for a permanent injunction will be granted with respect to future federal court actions and denied as to state court actions. An appropriate order will accompany this Memorandum Opinion.

                                                            /s/  
                                       Henry E. Hudson  
                                       United States District Judge

Date: Jan. 22, 2015  
Richmond, Virginia